■ ANTONIO SDREGAS, Respondent, v CITY OF NEW YORK et al., Appellants and Third-Party Plaintiffs-Respondents, et al., Defendant. KEYSTONE CONSTRUCTION CORP., Third-Party Defendant-Appellant. (And Other Actions.) [765 NYS2d 610] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 10, 2002, which, upon a jury verdict in this Labor Law action, inter alia, awarded plaintiff damages, unanimously affirmed, without costs. Appeal by third-party defendant Keystone Construction Corp. from an underlying order, unanimously dismissed, without costs. Appeals by defendants City of New York and Perini/O&G II from the same judgment and an underlying order unanimously dismissed, without costs, as abandoned.

The trial evidence, fairly interpreted (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]), permitted the jury to render the verdict it did. The evidence of appellant's violations of 12 NYCRR 23-1.8 and 23-1.9, while not conclusive, did constitute some evidence of negligence and, as such, was sufficient to reserve the issue of whether appellant's conduct had been reasonable and adequate under the circumstances to the trier of fact (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349, 351 [1998]). While the court would have been better advised to utilize the phrase "some evidence of negligence," the full import of the charge conveyed the proper standard. The court appropriately decided not to charge 12 NYCRR 23-1.6, which provides, in pertinent part, that an employee "shall use the safety devices provided for his personal protection and he shall not tamper with or render ineffective any safety device, safeguard or personal protective equipment." There was no evidence to justify such a charge.

Contrary to appellant's contention, plaintiff met his burden to establish his loss of actual past earnings with reasonable certainty by his submission of pay stubs and W-2 forms (*cf. Martinez v Royal-Pak Sys.*, 300 AD2d 198 [2002]), the use of which went unchallenged at trial.

We have considered appellant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Ellerin, Williams, Lerner and Gonzalez, JJ.